IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| PEAK Regenerative, LLC. | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION FILE NO.:** |
| | ) | |
| v. | ) | |
| | ) | |
| NexGen LLC., Cell Products, LLC, | ) | |
| Innerdrive, LLC and Aaron Haley, | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## COMPLAINT

COMES NOW PEAK Regenerative, LLC. ("PEAK") and files this Complaint against Defendants NexGen LLC, ("NexGen") Cell Products, LLC ("Cell Products"), Innerdrive, LLC ("Innerdrive") and Aaron Haley ("Haley") and shows the Court the following:

## PARTIES, JURISDICTION, AND VENUE

1.      Plaintiff PEAK Regenerative, LLC. is a Georgia Limited Liability Corporation. It has two members, Gail Terrell, a resident of the State of Georgia and Mike Holloway, a resident of the State of Pennsylvania.

2.    Defendant NexGen LLC is allegedly a Limited Liability Company of unknown residence owned and controlled by Defendant Haley. NexGen can be served with Summons and a copy of this Complaint by serving its alleged managing member, Defendant Haley at his residence ocated at 8044 West Louise Drive, Peoria, AZ 85383.

3.    Defendant Cell Products, LLC is a Nevada LLC. Cell Products can be served with Summons and a Copy of this Complaint by serving its registered agent Laughlin Associates, Inc. at 680 W Nye Lane, Suite 202, Carson City, NV 89703.

4.    Defendant Innerdrive LLC is a Nevada LLC. Cell Products can be served with Summons and a Copy of this Complaint by serving its managing member, Defendant Haley, at his residence located at 8044 West Louise Drive, Peoria, AZ 85383.

5.    Defendant Aaron Haley is a resident of the state of Arizona. He can be served with Summons and Copy of this Complaint at his residence located at 8044 West Louise Drive, Peoria, AZ 85383.

6.    This Court has subject matter jurisdiction over this Complaint under 18 U.S.C. 1962.

7.    This Court has personal jurisdiction over each of the Defendants because they each transact business within this state and district, have engaged in

acts or omissions within this district causing injury to Plaintiff, and have otherwise made or established contacts with this district sufficient to permit the exercise of personal jurisdiction.

8.    Venue is proper in this district under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## FACTS COMMON TO ALL CAUSES OF ACTION

9.    PEAK distributes a series of skin substitute products for use in surgical settings to hospitals and other medical providers.

10.    Haley, through his LLC NexGen, became a distributor for PEAK.

11.    Haley as managing partner of NexGen signed the Distribution Agreement (Attached hereto as Exhibit "A") with PEAK on August 20, 2024.

12.    Under the terms of the Distribution Agreement, PEAK was to bill the customers, collect payments and pay NexGen a set commission based on collected fees.

13.    However, Haley convinced PEAK to allow him to bill and collect the entire amount owed by the customers, deduct Nexgen's commissions and transmit to PEAK the remainder after removing his commission pursuant to the commission structure established by the Distribution Agreement.

14.    Haley and Nexgen billed purchasers through one or more separate entities, including Defendants Cell Products and Innerdrive.

15.    Haley and his LLCs, NexGen, Cell Product and Innerdrive immediately began withholding the balance of collected fees Nexgen owed to PEAK.

16.    PEAK has attempted on numerous occasions to get Haley and Nexgen to transfer the fees owed to it.

17.    Haley, individually and on behalf of Nexgen, Cell Products and Innerdrive, has consistently ignored and refused the requests for payment.

18.    The outstanding balance owed to PEAK is a liquidated amount of $377,776.18 exclusive of interest.

19.    On October 20, 2025, counsel for PEAK sent a demand letter to Haley and his entities demanding payment of the liquidated amount owed.  A true and accurate copy of demand letter is attached hereto as Exhibit B.

## COUNT I - CONVERSION

20.    Plaintiff adopts and incorporates by reference the preceding allegations as if fully restated herein.

21.    Haley, NexGen, Cell Products and Innerdrive have obtained fees from customers on behalf of PEAK.

22.    Pursuant to the Distribution Agreement, NexGen is only owed a commission on sales at rates established by the Distribution Agreement. The remainder, minus any discounts to the customer and cost of goods, is owed to PEAK.

23.    PEAK has repeatedly made demands to Haley, NexGen, Cell Products and Innerdrive to transfer the balance owed to PEAK.

24.    Haley, NexGen, Cell Products and Innerdrive have consistently refused or ignored to transfer the outstanding balance owed to PEAK under the terms of the Distribution Agreement.

25.    By obtaining payments from customers of PEAK and retaining the full amount under the control of NexGen, Haley by and through NexGen has converted $377,776.18 owed to PEAK.

26.    Haley, Nexgen, Cell Products and Innerdrive have acted in concert with one another to deprive PEAK of the funds it is owed.

27.    Defendants are jointly and severally liable to Plaintiff for $377,776.18 plus prejudgment interest under O.C.G.A. § 7-5-14.

## COUNT II - VIOLATION OF THE FEDERAL RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT

28.     Plaintiff adopts and incorporates by reference the allegations in paragraphs 1-19 as if fully restated herein.

29.     Defendant Haley, in conjunction with his LLCs NexGen, Cell Products and Innerdrive, have engaged in a pattern of racketeering activity to defraud Plaintiffs and misappropriate funds contractually owed to Plaintiff by illegally converting them to the use of Defendants in violation of 18 U.S.C. § 1962.

30.     Defendants racketeering activity has transpired across state lines in Arizona, Nevada, Pennsylvania and Georgia.

31.     Defendant Haley maintains full control over Defendants NexGen, Cell Products and Innerdrive. On information and belief, Defendant Haley is the only member of Defendants NexGen,  Cell Products and Innerdrive.

32.     Defendant Haley has utilized and conspired with the legal entities NexGen, Cell Products and Innerdrive to further Defendant Haley's scheme to defraud Plaintiffs.

33.     Defendant Haley personally misled Plaintiffs to get them to agree to allow him to handle billing of customers and collection of their payments. Defendant Haley then immediately began using his legal entities NexGen, Cell Products and

Innerdrive to send invoices to PEAK customers, collect payments, and retain and convert the funds to the use of Haley and his private entities.

34.    Defendants are liable to Plaintiff for all damages, including treble damages, under the Federal RICO Statute,  18 U.S.C. § 1962 *et seq.*

## COUNT III - VIOLATION OF THE GEORGIA RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT

35.    Plaintiff adopts and incorporates by reference the allegations in paragraphs 1-19 as if fully restated herein.

36.    Defendant Haley, in conjunction with his LLCs NexGen, Cell Products and Innerdrive have engaged in a pattern of racketeering activity to defraud Plaintiffs and misappropriate funds contractually owed to Plaintiff by illegally converting them to their own use of in violation of O.C.G.A. § 16-14-4.

37.    Defendants racketeering activity occurred in Georgia and caused damages in Georgia to a Georgia resident.

38.     Defendant Haley maintains full control over Defendants NexGen, Cell Products and Innerdrive. On information and belief, Defendant Haley is the only member of Defendants NexGen, Cell Products and Innerdrive.

39.    Defendant Haley has utilized and conspired with the legal entities NexGen, Cell Products and Innerdrive to further Defendant Haley's scheme to defraud Plaintiffs. Defendant Haley personally misled Plaintiffs to get them to agree

to allow him to handle billing and collection of payments from customers. Defendant Haley then immediately began using his entities NexGen, Cell Products and Innerdrive to send invoices to PEAK customers, collect payments, and retain and convert the funds to the use of Haley and his entities.

40.    The course of conduct complained of herein is violative of the Georgia Racketeer Influence and Corrupt Organization Act (RICO), O.C.G.A. §§ 16-14-1 *et seq.*, in that Defendants have thereby carried out a pattern of racketeering activity prohibited by O.C.G.A. § 16-14-3.

41.    Defendants have unlawfully taken and/or appropriated or attempted to take and/or appropriate Plaintiff's property with the intent of depriving it of said property. This conduct is sufficient to constitute theft by conversion in violation of O.C.G.A. § 16-8-4. Each and every time Defendants failed and refused to remit specifically identifiable funds received from customers and owed to Plaintiff constitutes a separate predicate act under the Georgia RICO Act. O.C.G.A. § 16-14-3(8)(ix).

42.    Defendants have acquired or attempted to acquire Plaintiff's property through false and deceptive means. This conduct is sufficient to constitute theft by deception in violation of O.C.G.A. § 16-8-3. Each and every time Defendants failed and refused to remit specifically identifiable funds received from customers and

owed to Plaintiff constitutes a separate predicate act under the Georgia RICO Act. O.C.G.A. § 16-14-3(8)(ix).

43.    As the direct result of the above described prohibited conduct, Plaintiff is entitled to damages in the amount of three times the actual damages sustained as provided for by O.C.G.A. § 16-14-6(c).

44.    Defendants have willfully and intentionally failed to pay funds due to Plaintiff thereby entitling Plaintiff to punitive damages as provided for by O.C.G.A. § 16-14-6(c).

45.    Plaintiff is entitled to recover attorneys' fees together with the reasonable costs of investigation and litigation as provided for by O.C.G.A. § 16-14-6(c).

## COUNT V – UNCAPPED PUNITIVE DAMAGES

46.    Plaintiff re-alleges and incorporates by express reference the preceding Paragraphs as if fully restated and set forth herein.

47.    Defendants acted with the entire want of care which would raise the presumption of conscious indifference to the consequences of their actions.

48.    Defendants acted with the specific intent to cause harm to Plaintiff.

**49.**    Plaintiff is entitled to receive uncapped punitive damages pursuant to O.C.G.A. § 51-12-5.1 in an amount to be determined by the enlightened conscious of an impartial jury.

## COUNT VI - ATTORNEYS' FEES

50.    Plaintiff re-alleges and incorporates by express reference the preceding Paragraphs as if fully restated and set forth herein.

51.    Plaintiff is entitled to reasonable attorneys' fees associated with the filing of this Complaint.

## JURY TRIAL DEMANDED

52.    Plaintiff hereby demands that the instant dispute be tried before a struck jury.

This 15th day of December, 2025.

Cochran & Edwards, LLC

*s/ Randy Edwards*

R. Randy Edwards
Georgia Bar No. 241525
Eric Logan
Georgia Bar No. 259421

2950 Atlanta Road SE
Smyrna, Georgia 30080-3655
(770) 435-2131 (*telephone*)
(770) 436-6877 (*facsimile*)
randy@cochranedwardslaw.com
eric@cochranedwardslaw.com